\*\* E-filed October 31, 2011 \*\*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DWIGHT JOHNSON,<br><br>        Plaintiffs,<br>   v.<br>NATIONWIDE MUTUAL INSURANCE CO.,<br><br>        Defendants.<br>_____/ | No. C11-02913 HRL<br><br>**ORDER (1) GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND AND (2) DENYING AS MOOT PLAINTIFF'S MOTION FOR LEAVE TO AMEND**<br><br>**[Re: Docket No. 18, 19, 37]** |

Plaintiff Dwight Johnson has worked as an independent contractor for Nationwide Mutual Insurance Co. ("Nationwide") since 2006 as manager of its San Jose Urban Office. The relationship between the parties broke down in 2009, due to a disagreement about Nationwide's obligations to Johnson. Johnson subsequently sued Nationwide in this court on the basis of diversity jurisdiction, alleging nine claims: three counts of breach of contract; two counts of fraud; two counts of breach of the covenant of good faith and fair dealing; one count for violations of the California Unfair Competition Act, Cal. Bus. & Prof. Code § 17200, *et seq.*; and one count for declaratory relief. Johnson voluntarily amended his complaint twice within a month of filing this action. Nationwide now moves to dismiss the Second Amended Complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Upon consideration of the motion papers and the arguments made at the hearing, the court GRANTS defendant's motion.

        **LEGAL STANDARD**

On motion, a court may dismiss a complaint for failure to state a claim. Fed. R. Civ. P. 12(b)(6). The federal rules require that a complaint include a "short and plain statement" showing the plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2). The statement must "raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). However, only plausible claims for relief will survive a motion to dismiss. Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009). A claim is plausible if its factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949. A plaintiff does not have to provide detailed facts, but the pleading must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at 1950.

**DISCUSSION**

Defendant Nationwide's primary argument is that all of Johnson's claims are time-barred by a release clause in the contract amendment, executed in 2009. It further asserts that even if the release clause does not effect a waiver of Johnson's claims, all of his claims suffer from defects that cannot withstand a motion to dismiss. Johnson contends that his execution of the amended contract was induced by fraud that should render the amended contract and its release clause unenforceable. Further, he argues that his proffered Third Amended Complaint ("TAC"), filed as an exhibit to his opposition to defendant's motion to dismiss, cures any inadequacies in his Second Amended Complaint.

The court's review of plaintiff's Second Amended Complaint supports Nationwide's assertions. In the Second Amended Complaint, plaintiff's claims, as alleged, are sketchy to the point of obscurity, and fail on all counts to adequately state claims upon which relief can be granted. For instance, Johnson's breach of contract claims assert that the parties had oral and implied contracts that required Nationwide to abide by the terms of an outdated Consent Decree and to pay certain of Johnson's business expenses that were not included in the written contracts. Yet, he does not allege any conduct by Nationwide representatives that would have created such contracts. Similarly, his claims for breach of implied covenants fail to allege the creation of any contracts that would give rise to those covenants. Johnson's claims for fraud, in particular, fall far short of the pleading standard set forth in Fed. R. Civ. P. 9(b) (requiring that the circumstances of the alleged fraud be

2

1  pled "with particularity"). Claims of fraud must be pled "with a high degree of meticulousness."
2  Desaigoudar v. Meyercord, 223 F.3d 1020, 1022-23 (9th Cir. 2000). Johnson claims Nationwide
3  misled him at various stages of contract negotiation and throughout his tenure as an independent
4  contractor, but he fails to allege what was said, by whom, and how it misled him.

5      Johnson attempts to cure these deficiencies with his proffered TAC. He has filed a motion to
6  amend the complaint, in which he asserts that the TAC constitutes the amended pleading he would
7  file. A court cannot look beyond the plaintiff's pleadings when determining the propriety of a
8  motion to dismiss for failure to state a claim.  Broam v. Bogan, 320 F.3d 1023, 1026 n.2 (9th Cir.
9  2003). However, the court can consider more for the purpose of determining whether it will grant
10 plaintiff leave to amend. Orion Tire Corp. v. Goodyear Tire & Rubber Co., 268 F.3d 1133, 1137–38
11 (9th Cir. 2001). "Complaints may not be dismissed with prejudice unless the allegations of the
12 complaint make clear that plaintiff cannot state a claim." Id. at 1137. Reviewing the TAC, the court
13 feels that, although it is stronger than its predecessor, it would not cure all of the deficiencies noted
14 herein. For example, the claims for fraud must be pled with a high level of particularity, alleging
15 specifically what misrepresentations were made, by whom, and how they resulted in misleading the
16 plaintiff. Additionally, the court considers the arguments that plaintiff's counsel made at the
17 hearing, which appeared to offer a wholly new set of facts and legal theories for relief, in support of
18 allowing plaintiff to amend. The court concludes that it is not impossible that plaintiff might be able
19 to state some claim upon which relief may be granted.

20 **CONCLUSION**

21     Based on the foregoing, Defendant's Motion to Dismiss is GRANTED WITH LEAVE TO
22 AMEND. In light of this ruling, plaintiff's Motion to Amend is DENIED as MOOT. Plaintiff may
23 file an Amended Complaint within 14 days of the date of this order.

24     **IT IS SO ORDERED.**

25 Dated: October 31, 2011

26                           HOWARD R. LLOYD
                            UNITED STATES MAGISTRATE JUDGE

United States District Court
For the Northern District of California

**C11-02913 Notice will be electronically mailed to:**

| | |
|---|---|
| Frank Edward Mayo | fmayolaw@aol.com |
| Karyne T. Ghantous | tandjshaddle@netzero.com |
| Renee Welze Livingston | rlivingston@livingstonlawyers.com |
| James P. Schuck | jschuck@bricker.com |
| Quintin F. Lindsmith | qlindsmith@bricker.com |

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**